# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.          **ORDER OF DETENTION PENDING TRIAL**

BALTAZAR CARRILLO-TORRES
*Defendant*        10-20112-JWL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

X  (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

See Page 2

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 9/15/10                  s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. BALTAZAR CARRILLO-TORRES
Criminal Action 10-20112-JWL-DJW

# Part II - Written Statement of Reasons for Detention

There are a series of factors I have to consider in determining whether there are conditions that can be set that will assure you appearance and safety of the community.

The first factor is the nature and circumstances of the offense charged, including wether the offense is a crime of violence or involves a controlled substance or a firearm and it does not.

The next factor is the weight of the evidence. There is a Grand Jury Indictment which is a negative.

The next factor is the person's character, which includes your physical and mental condition and family ties, both those factors are positive towards release.

Your employment is negative.

Financial resources, there's no indication that the defendant has substantial resources to assist him to flea, so that's not a negative factor.

Your length of residence in the community is negative in terms of the Kansas community, but he's been the United States quite awhile.

Community ties are negative.

Past conduct which includes history relating to drug and alcohol use, criminal and history record concerning appearance, there's no indication of failure to appear during the last serious criminal offense, twenty some years ago.

The next factor is whether at the time of the current offense or arrest you were on probation or parole pending trial or sentencing, and it does not appear he was.

The controlling thing here is whether even if the factors I set would assure his

appearance, is there anyway to keep the Immigration Service from deporting him, so even if he wanted to appear, would be unable to appear. I don't have jurisdiction to stop Ice from deporting someone, so to insure his appearance here, I'm going to order that he be detained here until this case is over with.