IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-20112-JWL |
| ) | |
| BALTAZAR CARRILLO-TORRES, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER

The matter is presently before the Court on defendant's motion to proceed *in forma pauperis* on appeal (Doc. # 40).  For the reasons set forth below, the motion is **granted**.

### I.  Procedural Background

Defendant was named in a superseding indictment filed in this case on September 8, 2010.  On September 13, 2010, after his arrest, defendant appeared before a Magistrate Judge, who appointed counsel for defendant, based on a finding that defendant was financially unable to retain counsel.  On November 1, 2010, retained counsel entered an appearance on behalf of defendant.  On November 24, 2010, without the benefit of a plea agreement, defendant pleaded guilty to one count of illegally re-entering the United States after deportation.  On March 31, 2011, the Court imposed

sentence, including a term of imprisonment of 33 months (below the applicable guideline range). On April 14, 2011, defendant filed a notice of appeal.

On June 27, 2011, defendant filed, through his retained counsel, a motion to proceed *in forma pauperis* (IFP) on appeal, which included a form affidavit in which defendant denied having any assets. The government opposed the motion for the reason that the motion did not contain an affidavit in the form required by Fed. R. App. P. 24(a)(1), and on June 30, 2011, the Court denied the motion without prejudice to the filing of a motion in compliance with Rule 24(a)(1). On August 24, 2011, defendant filed, through retained counsel, another motion to proceed IFP on appeal (Doc. # 40), which included a lengthier form affidavit concerning defendant's financial status. In response, the government noted that defendant had failed again to provide the affidavit required under Rule 24(a)(1), including the identification of issues for appeal. On September 23, 2011, defendant filed an affidavit in the form required under Rule 24(a)(1) (Form 4), and on October 6, 2011, the government filed a supplemental response.

### II.     Analysis

As a preliminary matter, the Court notes that in his latest affidavit, defendant identified two specific issues for appeal. In its response to that affidavit, the government has not explained why those issues are frivolous or otherwise renewed its opposition based on the merits of the issues on appeal. Accordingly, the Court only considers the

government's opposition based on defendant's showing concerning his financial ability to retain counsel.

In arguing that defendant was required to provide all information contained in a Form 4 affidavit, the government has relied on Rule 24(a)(1). The Court concludes, however, that Rule 24(a)(3) actually applies here. Rule 24(a)(1) provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Rule 24(a)(3) provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> >
> > (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). In this case, notwithstanding his subsequent retention of counsel, defendant was at one time determined by the Court to be financially unable to

3

retain counsel. Thus, defendant may proceed IFP on appeal without further authorization—and thus without having to satisfy Rule 24(a)(1)'s requirement of a Form 4 affidavit—unless this Court certifies that defendant should not be entitled to proceed IFP.[1]

The government challenges the truthfulness of defendant's latest affidavit. The government first notes that defendant has simply inserted zeroes throughout the affidavit, including with respect to the expenses of defendant and his spouse. The government then argues that defendant's statements that he and his spouse have no expenses and that no one relies on him or his spouse for support are at odds with his previous affidavit (attached to the motion), which mentions a nine-year-old daughter. The pertinent question in that previous affidavit, however, asked for dependents "who I am legally required to support financially" or "who live with me," and defendant specifically stated there that he gives no support to his daughter. Thus, the two affidavits are not necessarily inconsistent on this point.

The government also challenges the truthfulness of defendant's statement in the latest affidavit that he has not paid and will not be paying his retained attorney any money for services in connection with this case. The government argues that such failure to pay any amounts is unlikely, particularly in light of retained counsel's prior statements in pleadings that he has not been "fully paid". The Court rejects this

---

[1] For this reason, the Court deems immaterial defendant's failure to attach a statement of his prison account, as required by the Form 4 affidavit.

argument. The Court does not agree that retained counsel's choice of words necessarily means that he has in fact received partial payment. Regardless, there is no basis to assume that any such payment could not have come from someone other than defendant, particularly in light of the initial finding by the Court, based on defendant's affidavit, that defendant lacks sufficient assets to retain counsel himself.

Finally, the government notes that the latest affidavit states that no welfare payments have been received in the preceding 12 months (prior to September 9, 2011), while the earlier affidavit identified $700.00 in welfare payments received in the preceding 12 months (prior to some date in August 2011). The difference in the dates of the affidavits makes it possible that both answers were correct. Even if defendant omitted a $700.00 payment in the latest affidavit, however, the Court does not believe that such failure belies an intent by defendant to misrepresent his financial status materially. Defendant has consistently stated, in sworn statements, that he does not have sufficient financial resources to retain counsel, and the Court has so found at least once. The Court has not been persuaded that defendant in fact does have the ability to retain adequate counsel. Therefore, the Court declines to certify that defendant should not be entitled to proceed IFP, and it grants defendant's present motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to proceed *in forma pauperis* (Doc. # 40) is **granted**.

IT IS SO ORDERED.

Dated this 24th day of October, 2011, in Kansas City, Kansas.

                                                s/ John W. Lungstrum           
                                                John W. Lungstrum
                                                United States District Judge